# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **SAPPHIRE ELAINE OWENS** | ' |
| **Plaintiff,** | ' |
| | ' **CIVIL ACTION NO. 4:20-cv-5** |
| v. | ' |
| **CLYDE COSPER TEXAS STATE VETERANS HOME** | ' |
| **Defendant.** | ' **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Sapphire Owens ("Plaintiff" or "Owens"), by her legal counsel brings this action for violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.* for gender and pregnancy discrimination and retaliation and negligence against Defendant, Clyde Cosper Texas State veterans home (" Defendant"), and respectfully shows the Court as follows:

### I.

### PARTIES

1.01   Owens is a citizen of the United States and a citizen and resident of the State of Texas who resides at 8250 FM 824, Honey Grove, Texas 75446.  Plaintiff may be contacted through the undersigned counsel.

1.02   Defendant, Clyde Cosper Texas State Veterans Home is a municipality of the State of Texas and may be served process through the Texas Attorney General's office, Austin, Texas, 78701, or the Veterans Land Board, 1700 Congress Ave., Austin, Texas, 78701.

## II.

## JURISDICTION AND VENUE

2.01   Pursuant to 28 U.S.C. § 1331, jurisdiction lies in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, including Title VII, 42 U.S.C. 2000e *et seq.*  This Court also has pendent jurisdiction over Plaintiff's state law claims.

2.02   Venue for all causes of action stated herein lies in the Eastern District of Texas because the Defendant resides in this District and because a substantial part of the events alleged in this Complaint took place within this District.  *See* 28 U.S.C. § 1391.  Plaintiff's EEOC charge was filed on April 4, 2019 and pursued in the Dallas District office of the EEOC.  Please see Notice of Right to Sue, attached as Exhibit A.

## III.

## FACTUAL ALLEGATIONS

3.01   Plaintiff worked for Defendant from August 8, 2017 through her termination on February 27, 2019 as a Caregiver in Defendant's facility located at 1300 Seven Oaks Road, Bonham, Texas  75418.  Plaintiff' salary at the time of her termination was $11.74 per hour.

3.02   As a Caregiver, Plaintiff assisted in providing for the medical needs of the residents in the department and frequently worked without assistance. Plaintiff had repeatedly asked Defendant for assistance to attend to her assigned residents, but Defendant declined to provide Plaintiff with competent assistance.

3.03   Approximately 7 months before her termination, Plaintiff informed her supervisor that she was pregnant.  Plaintiff continued to diligently perform all of her job duties.  However,

Plaintiff's supervisor, Amy ("Edge") denied Plaintiff's repeated requests for assistance with the heavier patients and instead, told Plaintiff to maintain a better attitude.

3.04    On about February 18, 2019, Plaintiff was physically assaulted by a resident in the course of her duties. Plaintiff had not provoked the resident, but did put her hand up to defend herself when he repeatedly tried to strike her. Defendant was aware that this particular resident was difficult and aggressive but took no action to protect Plaintiff or other caregivers from this resident's aggressive behavior.

3.05    Plaintiff promptly reported the assault to Edge, who immediately ordered that Plaintiff take a drug screening test. Edge then placed Plaintiff on suspension for allegedly assaulting the resident.

3.06    The resident had physically assaulted Plaintiff by striking her in the abdomen. Plaintiff had asked permission to go to the emergency room to check on her and her unborn child's condition after the assault. Defendant ignored Plaintiff's requests.

3.07    There was no basis for the Plaintiff to be placed on suspension. At a subsequent hearing before the TWC, the agency conclusively determined that there was no evidence that Plaintiff assaulted the resident and that Plaintiff had never did anything to harm or injure the resident.

3.08    Defendant terminated Plaintiff while she was on suspension. No reason was given for Plaintiff's termination.

.       3.09    At the time of her termination, Defendant was aware of Plaintiff's pregnancy and knew that Plaintiff needed assistance with certain patients. Defendant refused to provide Plaintiff with assistance and then terminated her shortly before she was to deliver her child.

  3.10 The resident who assaulted Plaintiff was known by the Defendant to have violent outbursts.  Defendant took no action to protect Plaintiff from risk of assault by this resident.

**IV**.

**FIRST COUNT**

**<u>GENDER AND PREGNANCY DISCRIMINATION</u>**

  4.01 The foregoing paragraphs of this Complaint are incorporated in this Count as fully as if set forth at length herein.

  4.02 Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.  42 U.S.C. §2000e(f).

  4.03 Defendant is an employer within the meaning of Title VII. 42 U.S.C. §2000e(b).  In particular, Defendant employs more than fifteen (15) employees within the current calendar year.

  4.04 Defendant intentionally discriminated against Plaintiff because of her gender in violation of Title VII by discriminating against her on the basis of pregnancy, childbirth, or related medical conditions. 42 U.S.C. §2000e(k).

  4.05 Plaintiff was terminated without good reason.  Furthermore, Defendant was aware that Plaintiff was pregnant and needed assistance with some of the more difficult patients. Defendant denied Plaintiff's request for assistance and placed her at risk by requiring her to work with potentially dangerous patients.

  4.06 Plaintiff timely filed with the Equal Employment Opportunity Commission (the "EEOC") a charge of discrimination against Defendant, and has received a "Right to Sue" letter. (*See* Exhibit A).

4.07    Defendant violated Title VII by discharging Plaintiff and/or discriminating against Plaintiff with compensation, terms, conditions or privileges of employment because of Plaintiff's sex.

4.08    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant financial loss, including the loss of her job and the loss of wages, salary and employment benefits.

4.09    Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally-protected rights. Plaintiff is therefore entitled to recover punitive damages.

4.10    Plaintiff is entitled to an award of attorneys' fees and costs under Title VII as well as reimbursement of expert witness fees.

## V.

## SECOND COUNT

## RETALIATION

5.01    The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

5.02    Defendant has retaliated against Plaintiff by subjecting her to a hostile work environment and retaliatory acts ranging from events during and after Plaintiff's pregnancy by refusing to offer her assistance, placing her on an unwarranted suspension, and refusing to allow

her to return to work. Defendant has thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq*.

5.03   All conditions precedent to filing this action for discrimination under federal law have been met. Plaintiff timely filed her charge of retaliation. Plaintiff has received her Notice of Right to Sue. (*See* Exhibit A)

5.04   Defendant has engaged in a single continuous course of conduct of retaliation against Plaintiff because of Plaintiff's protected activity and by subjecting Plaintiff to a hostile work environment in order to destroy Plaintiff, her career, and her personal life.

5.05   Such retaliation by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses. Further, this retaliation was done by Defendant with intentional malice or with reckless indifference to Plaintiff's protected rights. Such retaliation constitutes gross, wanton, reckless and/or intentional violation of Plaintiff's rights under Title VII. Plaintiff is therefore also entitled to recover punitive damages.

5.06   Plaintiff is entitled to an award of attorneys' fees and costs under Title VII as well as reimbursement of expert witness fees.

## VI.

## **NEGLIGENCE**

6.01   The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

6.02	Defendant knowingly allowed Plaintiff to work in a dangerous environment wherein its residents, and in particular, a certain resident known to Defendant to have a propensity to assault and injure its employees, had assaulted Plaintiff.

6.03	Despite Plaintiff's repeated requests for protection from the residents, Defendant failed to take adequate steps to protect Plaintiff from injury or assault in the workplace and was consequently negligent in the manner in which it operated its facility.

6.04	As a direct and proximate result of Defendant, Plaintiff was injured in the workplace and has suffered damages as well as risk of harm to her unborn child.

## XII.

## JURY TRIAL DEMANDED

7.01	PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;

(4) Damages for past and future mental anguish, emotional distress, and physical distress;

(5) Exemplary damages in an amount to be determined by the trier of fact;

(6) An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits, and other compensation, and interest thereon, lost as a result of Defendant's wrongful conduct in the amount proven at trial;

      (7)     Prejudgment and post-judgment interest at the maximum legal rate;

      (8)     All costs of Court;

      (9)     Attorneys' fees;

    (10)    Expert's Fees; and

    (11)    Such other and further relief to which Plaintiff may be justly entitled.

Dated the 3rd day of January, 2020.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: _____
Nicholas A O'Kelly
State Bar No. 15241235

3109 Carlisle
Dallas, Texas 75204
(214) 379-0827 - Telephone
(214) 379-0848 - Facsimile

**ATTORNEYS FOR PLAINTIFF**
**SAPPHIRE ELAINE OWENS**

**EXHIBIT A**

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Sapphire E. Owens<br>8250 Fm 824<br>Honey Grove, TX 75446 | From: Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2019-03385 | Dennis G. Guzman,<br>Investigator | (972) 918-3594 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Belinda F. McCallister,
District Director

11/12/19 *(Date Mailed)*

Enclosures(s)

cc: Tyree Harris
Corp. VP of HR
HMR VETERANS SERVICES INC
201 N. Main Street
Anderson, SC 29621

Nicholas O'Kelly
Attorney
KILGORE LAW
3109 Carlisle street
Dallas, TX 75204